**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RIMANTAS SAIKUS | ) | CASE NO. 1:19CV0097 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. |
| | ) | BOYKO |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| COSTCO WHOLESALE CORP., *et al.*, | ) | JONATHAN D. GREENBERG |
| | ) | |
| Defendants. | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| | ) | |

This matter was referred to the undersigned for general pretrial supervision.  (Doc. No. 35.)

Currently pending before the Court are Defendant Costco Wholesale Corp.'s ("Defendant" or

"Costco") Motion for Summary Judgment (Doc. No. 29), and Plaintiff Rimantus Saikus' ("Plaintiff

or "Saikus") Motion Seeking Other Remedies (Doc. No. 30).  For the reasons that follow, the

undersigned recommends that Costco's Motion for Summary Judgment be GRANTED, and Saikus'

Motion Seeking Other Remedies be DENIED.

## I. Procedural Background

Plaintiff filed this case on December 21, 2018, against Costco and an unnamed defendant

("John Doe").[1]  (Doc. No. 1-3.)  The case was originally filed in Cuyahoga County, Ohio Court of

Common Pleas, as Case No. CV-18-908728.  (*Id.*)  Plaintiff filed an Amended Complaint on January

7, 2019.  (*Id.*)  The Amended Complaint contains the following claims against Costco:

    COUNT I:        Premises Liability against Costco

---

[1]  Saikus' original Complaint was filed on May 31, 2017, in Cuyahoga County Common
Pleas Court, under the case number CV-17-881074.  That case was voluntarily dismissed without
prejudice pursuant to Ohio Rule of Civil Procedure 41(A), and was refiled in December 2008, as
set forth *infra*.

COUNT III:   Negligent Entrustment against Costco
COUNT IV:   Punitive Damages against Costco.

On January 14, 2019, the case was transferred to this Court based on the diversity of the parties, because Saikus is a resident of Ohio, and Costco is a Washington Corporation.  (Doc. No. 1 at 2.) Discovery closed on August 14, 2019.  (Doc. No. 17.)  Saikus' attorney, Thomas Wilson, withdrew from the case on October 8, 2019.  (Doc. No. 20.)  Since that time, Saikus has proceeded *pro se*.

## II.  Factual Allegations

The facts presented by the Plaintiff in his Amended Complaint are as follows:  On or about May 31, 2015, Saikus was at the photo counter inside the Mayfield Heights, Ohio, Costco location placing orders.  (Doc. No. 1-2, ¶ 4.)  John Doe, driving a motorized shopping cart provided by Costco, struck Saikus' right leg.  (*Id.*)  The force of the collision from the motorized grocery cart caused, among other injuries, visible lacerations to Saikus' right leg.  (*Id.*, ¶8.)  Saikus sought treatment for his injuries at MetroHealth Medical Center.  (*Id.*, ¶9.)

## III.  Analysis

### A.  Standard of Review

Rule 56(a) of the Federal Rules of Civil Procedure provides in relevant part that:

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).   Rule 56(e) provides in relevant part that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . [and] grant summary judgment if the motion and supporting materials - including the facts considered

-2-

undisputed - show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)). A fact is "material only if its resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct.2505, 91 L.Ed.2d 202 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party. The court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citation omitted); *see also United States v. Hodges X–Ray, Inc.*, 759 F.2d 557, 562 (6th Cir. 1985). However, the nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox,* 53 F.3d at 150.

Summary judgment should be granted when a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "the mere existence of a scintilla

of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 52 (1986)).  Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249–50 (citation omitted).

## B.  Count I - Premises Liability

Saikus first asserts that "Costco's negligent failure to provide proper and adequate instructions and/or training to Costco customers of the proper and safe use of the Costco motorized grocery cart," led to his injury, and therefore Costco is liable for damages arising from the accident. (Doc. No. 1-2, ¶27.)  Costco seeks summary judgment on this count on the basis that Saikus has failed to adequately plead causation.  (Doc. No. 29 at 6.)

This case comes before a federal court based on the diverse citizenship of the parties, and therefore state law governs the parties' claims.  *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state.")  Saikus' claim in Count I asserts premises liability against Costco based  on Saikus' status as  a  business  invitee.  (Doc. No. 1-2 at ¶13.)  As the Ohio Supreme Court explained "[a]  shopkeeper ordinarily  owes  its  business invitees  a  duty  of  ordinary  care  in  maintaining  the  premises  in  a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers." *Armstrong v. Best Buy Co., Inc*., 788 N.E.2d 1088, 1089 (Ohio 2003), *citing Paschal v. Rite Aid Pharmacy, Inc*., 480 N.E.2d 474 (Ohio 1985).  In order to show that a business breached this duty of ordinary care, the plaintiff must demonstrate that the business was negligent.  Under Ohio law, "to establish a cause of action for

-4-

negligence, the plaintiff must show (1) the existence of a duty, (2) a breach of duty, and (3) an injury proximately resulting therefrom." *Armstrong v. Best Buy Co.*, 788 N.E.2d at 1090, *citing Menifee v. Ohio Welding Prod., Inc.*, 472 N.E.2d 707 (Ohio 1984).

The recent Ohio Supreme Court decision in *Rieger v. Giant Eagle, Inc.*, presents a similar factual scenario. In that case, a Giant Eagle shopper operating a motorized cart ran into and injured another shopper. *Rieger v. Giant Eagle, Inc.*, 138 N.E.3d 1121, 1123 (Ohio 2019). In *Rieger*, the Ohio Supreme Court concluded that the plaintiff had failed to present evidence of the crucial third prong of the negligence test: causation. As the Court explained:

> Causation is established using the "but for" test. *Anderson v. St. Francis-St. George Hosp., Inc.*, 77 Ohio St.3d 82, 84-85, 671 N.E.2d 225 (1996). A defendant's conduct is the cause of the harm if the harm would not have occurred but for the defendant's act or failure to act. *Id.; see also Renfroe* at 475, 150 N.E.2d 50; *Strother*, 67 Ohio St.2d at 287, 423 N.E.2d 467. It is not enough for the plaintiff to assert or speculate that the defendant's actions or failure to act might have caused the injury. *Gedra v. Dallmer Co.*, 153 Ohio St. 258, 91 N.E.2d 256 (1950), paragraph two of the syllabus; *accord Krupar v. Procter & Gamble Co.*, 160 Ohio St. 489, 117 N.E.2d 7 (1954), paragraph two of the syllabus. There must be evidence of causation before the plaintiff's negligence claim may be submitted to the jury. *Johnson v. Wal-Mart Stores E., L.P.*, 2014-Ohio-2998, 12 N.E.3d 1262, ¶ 24 (2d Dist.).

*Rieger v. Giant Eagle, Inc.*, 138 N.E.3d at 1126. The Court held that, under the facts presented in *Rieger*, evidence of causation had not been presented:

> Rieger asserts that Giant Eagle breached its duty to Rieger, a business invitee, by failing to take any action to protect her from the negligence of other customers who had not been instructed on how to use the motorized carts and that had Giant Eagle properly instructed the motorized-cart users, Rieger's accident could have been prevented. This is speculation. Rieger presented no evidence that the cause of the prior 117 incidents was due to motorized-cart drivers' lack of instruction and training. Likewise, Rieger presented no evidence that Giant Eagle's lack of instruction and training was the cause of the accident in her case. Because there is no evidence of causation, the court of appeals should have reversed the trial court's denial of Giant Eagle's motion for a directed verdict on Rieger's negligence claim.

*Id.* at 1126–27. Therefore, the Court entered judgment on behalf of Giant Eagle. *Id.* at 1128.

-5-

Both *Rieger* and the case at hand arise from accidents in which a business invitee at a store was injured after being struck by a motorized cart provided by the store, and driven by another customer.  Both plaintiffs allege that the stores negligently failed to provide training or instruction in the safe operation of the motorized carts.  In *Rieger*, the Court held the Plaintiff pleaded facts that established that the Defendant owed a duty of care to the Plaintiff as a business invitee.  (Doc. No. 1-2 at 4-5.  "Giant Eagle's knowledge of the prior 117 incidents involving motorized shopping carts" that had occurred in Giant Eagle stores, was "reasonably sufficient to establish that Giant Eagle owed a duty to Rieger."  *Id.* at 1126.  In contrast, Saikus offers no evidence in support of the existence of a duty.  In earlier cases with similar facts, other Ohio courts granted summary judgment in similar cases because they found plaintiffs failed to present evidence of a breach of duty, and held that a store does not owe business invitees a duty to instruct and train customers on how to properly operate a motorized grocery cart.  *See, e.g., Johnson v. Wal-Mart Stores E., L.P.*, 12 N.E.3d 1262 (2d Dist. 2014) (summary judgment granted to Wal-Mart because there was no duty to train customers on how to properly operate motorized carts).  However, this analysis is superfluous under the holding in *Rieger*, which explained, "[b]ecause there is no evidence of causation, [it is] not necessary to decide whether [Plaintiff] presented sufficient evidence establishing the existence of a duty, the breach of that duty, or damages."  *Rieger v. Giant Eagle, Inc*., 138 N.E.3d at 1127.  The Plaintiff in this case, as in *Rieger*, offers speculation - not evidence - that the accident could have been prevented had the Defendant provided instruction and training.  Under *Rieger*, this is insufficient to withstand summary judgement on causation.  *Id.*

In this case, even after affording Saikus the benefit of all reasonable inferences and construing the evidence in the light most favorable to him, there is no evidence that Costco's actions

or failure to act caused his injuries.   As in *Reiger*, Saikus has failed to produce evidence that results in a conflict of material fact to be solved by a jury regarding the causation element of his claims, and therefore it is recommended Costco be granted summary judgment on Count I of Saikus' Complaint.

## C. Count III - Negligent Entrustment

Next, Saikus asserts that Costco negligently entrusted the motorized cart to John Doe, "an inexperienced and incompetent operator," and should have forseen that "injury to innocent third parties would be [the] forseeable result."  (Doc. No. 1-2 at ¶34.)  Costco seeks summary judgment on this count on the basis that Saikus has failed to present any evidence to support this claim.  (Doc. No. 29 at 7.)

Under Ohio law, it is "well settled . . . that the owner of a motor vehicle may be held liable for an injury to a third person resulting from the operation of the vehicle by an inexperienced or incompetent driver, upon the ground of negligence, if the owner knowingly, either through actual knowledge or through knowledge implied from known facts and circumstances, entrusts its operation to such a driver."  *Gulla v. Straus*, 93 N.E.2d 662, 665 (Ohio 1950) (citations omitted). Here, too, the element of causation is critical: "[t]o succeed on any claim of negligence, the plaintiff must show that the defendant breached an applicable duty of care and that the breach proximately caused the plaintiff's injuries." *Safeco Ins. Co. of Am. v. White*, 913 N.E.2d 426, 434 (Ohio 2009), citing *Lang v. Holly Hill Motel, Inc*., 909 N.E.2d 120, ¶10 (Ohio 2009).

The Ohio Supreme Court in *Reiger* is again on point.  Reiger also brought a negligent entrustment claim against Giant Eagle.  *Rieger v. Giant Eagle, Inc*., 138 N.E.3d at 1127.  The *Reiger* court held that this claim must fail for the same reason as the negligence claim: "the record contains no evidence of causation to support negligent entrustment."  *Id.*  In the absence of such evidence,

-7-

"there is no need to decide whether [plaintiff] provided sufficient evidence establishing the remaining elements of negligent entrustment."  *Id.*

As discussed *supra*, although it is undisputed that Costco does not provide training to customers who operate motorized carts, Saikus failed to present facts establishing that any training or instruction would have prevented the accident in question.  The facts presented in this case are even less persuasive than in *Rieger*.  In *Rieger,* the customer driving the cart was identified and her husband testified that she suffered from dementia.  *Id.* at 1123.  The *Rieger* court explained that entrusting a motorized cart to a customer with this medical condition does not create a presumption of negligence, and noted the Plaintiff  "did not provide any evidence, expert or otherwise, that [the driver's] dementia rendered her incompetent to operate the motorized cart, or that her dementia caused the accident."  *Rieger v. Giant Eagle, Inc*., 138 N.E.3d at 1127.  Without such evidence, the court held that there was "no evidence of causation."  *Id.*

In this case, "John Doe" remains unknown.  Saikus can therefore offer no evidence regarding the extent of his prior training or instruction in motorized cart operation, let alone identify any impairments which might have made him incompetent to operate the cart.  (Doc. No. 30 at 2.) Therefore, any assertions regarding the effect further training might have had on John Doe's ability to avoid the accident can only be speculation.  As the Court explained in *Rieger*, speculation alone cannot satisfy the requirement for evidence of causation.  *Rieger v. Giant Eagle, Inc*., 138 N.E.3d at 1126.  Therefore, in this case, as in *Rieger*, the negligent entrustment claims cannot be sustained, it is recommended Costco be granted summary judgment on Count III of Saikus' Complaint.

**D. Count IV - Punitive Damages**

Under Ohio Revised Code 2315.21(C)(1) and (2),[2] "a plaintiff must be awarded some measure of compensatory damages to receive punitive damages." *Niskanen v. Giant Eagle, Inc.*,912 N.E.2d 595, 599 (Ohio 2009). Therefore, if Costco is granted summary judgment on Counts I and III of Saikus' Complaint, punitive damages cannot be awarded here, and Costco is entitled to summary judgment on Count IV of Saikus' Complaint.

**E. Plaintiff's Request for Other Remedies**

In his Motion Opposing Granting Defendant's Dispositive Motion and Requesting Granting Other Remedies for Plaintiff, Saikus seeks to reopen discovery regarding the identity of the John Doe defendant, and sanctions against his former attorney. (Doc. No. 30 at 6.) Saikus does not identify any factual differences between *Rieger* and his claims, or make any argument suggesting why the holding of the Ohio Supreme Court in that case should not apply here. Indeed, he fails to make any argument against Costco's Motion for Summary Judgment based on the facts pled in this case, or the applicable law. Instead, he restates grievances about Costco's inability to identify John Doe, and the conduct of his former attorney; both of which are irrelevant to this Motion, and have been addressed in previous Orders of the Court.

---

[2] Ohio Revised Code 2315.21(C)(1) and (2), states, in pertinent part:
[P]unitive or exemplary damages are not recoverable from a defendant in question in a tort action unless both of the following apply:
(1) The actions or omissions of that defendant demonstrate malice or aggravated or egregious fraud, or that defendant as principal or master knowingly authorized, participated in, or ratified actions or omissions of an agent or servant that so demonstrate.
(2) The trier of fact has returned a verdict or has made a determination pursuant to division (B)(2) or (3) of this section of the total compensatory damages recoverable by the plaintiff from that defendant.

This request for other remedies restates the arguments made in Saikus' prior Memorandum in Opposition to Costco's Motion for Leave to file a Dispositive Motion.  (Doc. No. 25.)  Both memoranda contain a motion to reopen discovery and a request for sanctions against Attorney Wilson.  (*Id.*)  In this Court's previous Order, those Motions were denied.  (Doc. No. 30.)  For the reasons explained in that previous order,[3] it is recommended that the Saikus' current request for other remedies be DENIED.

## IV.  Conclusion

Accordingly, and for all the reasons set forth above, it is recommended that Costco's Motion for Summary Judgement on Counts I, III, and IV be GRANTED, and Saikus' Motion Seeking Other Remedies be DENIED.


Date:   April 6, 2020                                    s/ *Jonathan D. Greenberg*
                                                       JONATHAN D. GREENBERG
                                                       U.S. MAGISTRATE JUDGE


## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**

---

[3] The reasons include the fact that the Court had already granted a ninety-day extension of the discovery deadline in this case.  (Doc. No. 17.)          Further, Saikus did not address any relevant factors in his analysis of why discovery should be extended a second time, beyond the unsupported assertion that Defendants lied to the Court. (Doc. No. 30 at 4-5.)