# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| RIMANTAS SAIKUS | ) | CASE NO. 1:19CV0097 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. |
| | ) | BOYKO |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| COSTCO WHOLESALE CORP., *et al.*, | ) | JONATHAN D. GREENBERG |
| | ) | |
| Defendants. | ) | **AMENDED REPORT &** |
| | ) | **RECOMMENDATION** |
| | ) | |
| | ) | |

This matter was referred to the undersigned for general pretrial supervision. (Doc. No. 35.) Currently pending before the Court is a complaint based in negligence against an unidentified, unserved defendant ("John Doe"). For the reasons set forth below, the undersigned recommends that the Court order that John Doe be served within 30 days, or the claims against him will be dismissed without prejudice.

### I. Procedural Background

Plaintiff filed this case on December 21, 2018, against Costco and John Doe.[1] (Doc. No. 1-3.) The case was originally filed in Cuyahoga County, Ohio Court of Common Pleas, as Case No. CV-18-908728. (*Id.*) Plaintiff filed an Amended Complaint on January 7, 2019. (*Id.*) The Amended Complaint contains the following claims against John Doe:

    COUNT II:    Negligence against John Doe

---

[1] Saikus' original Complaint was filed on May 31, 2017, in Cuyahoga County Common Pleas Court, under the case number CV-17-881074. That case was voluntarily dismissed without prejudice pursuant to Ohio Rule of Civil Procedure 41(A), and was refiled in December 2008, as set forth *infra*.

On January 14, 2019, the case was transferred to this Court based on the diversity of the parties, because Saikus is a resident of Ohio, Costco is a Washington Corporation, and John Doe had not been identified. (Doc. No. 1 at 2.) Discovery closed on August 14, 2019. (Doc. No. 17.) Saikus' attorney, Thomas Wilson, withdrew from the case on October 8, 2019. (Doc. No. 20.) Since that time, Saikus has proceeded *pro se*.

## II. Factual Allegations

The facts presented by the Plaintiff in his Amended Complaint are as follows: On or about May 31, 2015, Saikus was at the photo counter inside the Mayfield Heights, Ohio, Costco location placing orders. (Doc. No. 1-2, ¶ 4.) John Doe, driving a motorized shopping cart provided by Costco, struck Saikus' right leg. (*Id.*) The force of the collision from the motorized grocery cart caused, among other injuries, visible lacerations to Saikus' right leg. (*Id.*, ¶8.) Saikus sought treatment for his injuries at MetroHealth Medical Center. (*Id.*, ¶9.)

## III. Analysis

Federal Rule of Civil Procedure 4(c)(1) provides that a plaintiff is responsible for serving the summons and complaint within the applicable time period. Without such personal service, a district court lacks jurisdiction to render judgment against a defendant. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir.1991). Rule 4(m) states the time limit for service of process is 90 days after the filing of the complaint.[2] Fed. R .Civ. P. 4(m). "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996), citing *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73

---

[2] Rule 5(m) states that: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

(6th Cir. 1994).

Here, Count II of Saikus' Amended Complaint alleges negligence against the unidentified cart operator, John Doe. (Doc. No. 1-2 at 7.) Courts in this District recognize that "'John Doe' pleadings are an acceptable practice if the 'John Doe' is an actual person or entity that can be identified through discovery and served accordingly." *Shepherd v. Voitus*, No. 4:14 CV 866, 2015 WL 4599609, at *1 (N.D. Ohio July 29, 2015). However, a plaintiff suing an unidentified defendant must comply with Rule 4(m) by serving the "John Doe" within the time specified therein.[3] *Id*. "Failure to serve 'John Does' coupled with failure to request an extension of time to do so permits the court, on its own motion, to dismiss the action against the 'John Doe' defendants without prejudice." *Id.* Saikus has neither identified nor served John Doe, and he has not sought an extension of the service deadline. Further, discovery in this case closed on August 14, 2019, more than seven months ago, after a 90-day extension of time was granted. (Doc. No. 17.) Therefore, the John Doe defendant should either be promptly served or be dismissed from this action without prejudice. *See Shulman v. Amazon.com.kydc, LLC*, Civ. Action No. 13–5–DLB–REW, 2015 WL 1782636, at *5 n.6 (E.D. Ky. Apr. 20, 2015) (where plaintiff failed to identify or serve John Doe defendants within the time prescribed by Rule 4(m), dismissal of those defendants was appropriate), *aff'd on other grounds* 2017 WL 5135522 (6th Cir. Jan. 11, 2017).

---

[3] A modification of Rule 5(m) effective December 1, 2015, reduced this period from 120 to the current 90-day period. Fed. R. Civ. P. 4(m).

## IV. Conclusion

Accordingly, and for all the reasons set forth above, it is recommended that the Court issue an order that John Doe be identified and served within 30 days, or the claims against him will be dismissed without prejudice.

Date: April 6, 2020  s/ *Jonathan D. Greenberg*
JONATHAN D. GREENBERG
U.S. MAGISTRATE JUDGE

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981);** *Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**