# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **RIMANTAS SAIKUS,** | ) | **CASE NO. 1:19CV97** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **COSTCO WHOLESALE CORP., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court upon the Magistrate Judge's Amended Report & Recommendation (ECF DKT #38), recommending that the Court order Defendant John Doe to be served within 30 days or the claims against him will be dismissed without prejudice. For the following reasons, the Court adopts the Amended Report & Recommendation and orders Plaintiff Rimantas Saikus to identify and serve Defendant John Doe within 30 days of this Order or the claims against him will be dismissed without prejudice.

## I. BACKGROUND

Plaintiff originally filed this case in Cuyahoga County Common Pleas Court on December 21, 2018, for injuries sustained when an unknown customer allegedly drove a Costco motorized cart into Plaintiff's leg. According to the Amended Complaint, Plaintiff was at the photo counter inside the Mayfield Heights, Ohio Costco location on May 31, 2015. Defendant John Doe was driving a motorized shopping cart provided by Costco when he struck Plaintiff, causing lacerations to Plaintiff's leg and other injuries.

Plaintiff filed the Amended Complaint on January 7, 2019, asserting a Negligence

claim in Count II against the John Doe customer.  Plaintiff alleges that Defendant John Doe violated his duty of reasonable care when he operated the Costco motorized grocery cart in an unsafe, careless, negligent and/or reckless manner while shopping at the Mayfield Heights Costco on May 31, 2015.  As a direct and proximate result of Defendant's unsafe, careless, negligent and/or reckless conduct, Plaintiff suffered damages in an amount to be fully determined at trial.  (ECF DKT #1-2, Count II at ¶¶ 28-32).

On January 14, 2019, the captioned case was removed to federal court based upon diversity jurisdiction.  Plaintiff is a resident of Ohio; and the only Defendant served in this matter is Defendant Costco, which has its principal place of business in the State of Washington.

Discovery closed on December 15, 2019, following a 90-day extension of the discovery deadline.

Plaintiff's attorney, Thomas Wilson, withdrew from the case on October 8, 2019. Since that time, Plaintiff has proceeded *pro se*.

On April 6, 2020, the Magistrate Judge issued a Report & Recommendation, recommending that the Court order Defendant John Doe to be served within 30 days or the claims against him would be dismissed without prejudice and requiring Objections to be filed within 14 days after the objecting party has been served.  No timely Objections were filed nor was any request made for an extension of time to do so.  However, on May 7, 2020, well beyond the objection deadline, Plaintiff filed two documents  –  a Motion (ECF DKT #41) for Extension of Time to Serve John Doe and a Motion (ECF DKT #42) to Grant Plaintiff's Right to Discovery of Identity of John Doe from Defendant Costco.

## II. LAW AND ANALYSIS

**Standard of Review**

Pursuant to Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1)(c), the District Court shall review *de novo* any finding or recommendation of the Magistrate's Report and Recommendation to which specific objection is made.  A party who fails to file an objection waives the right to appeal.  *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).  In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held:  "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

Local Rule 72.3(b) recites in pertinent part:

> The District Judge to whom the case was assigned shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

Put another way, 28 U.S.C. § 636(b) and Local Rule 72.3 authorize the district court judge to address objections by conducting a *de novo* review of relevant evidence in the record before the magistrate judge.  Parties are not permitted at the district court stage to raise new arguments or issues that were not presented to the magistrate.  *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000), citing *United States v. Waters*, 158 F.3d 933 (6th Cir. 1998).

**Service**

Fed.R.Civ.P. 4(m) provides that if a defendant is not served within 90 days after the complaint is filed, the court must dismiss the action without prejudice against that defendant

or order that service be made within a specified time.  However, if the plaintiff shows good cause for the failure, the court must extend the time for service.  (*Id.*).

Pursuant to Fed.R.Civ.P. 4(c)(1), a plaintiff is responsible for serving the summons and complaint within the applicable 90-day time period.  Without proper service, a district court lacks personal jurisdiction to render judgment against a defendant.  *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991).

 "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal."  *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996), *citing Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994).

The Court notes that Plaintiff Saikus has not filed any objection to the Magistrate Judge's Report & Recommendation within the required 14-day period.  Plaintiff has not identified nor served Defendant John Doe since the Amended Complaint was filed on January 7, 2019.

Plaintiff's Motion (ECF DKT #41) for Extension of Time to Serve John Doe and a Motion (ECF DKT #42) to Grant Plaintiff's Right to Discovery of Identity of John Doe from Defendant Costco were not filed until May 7, 2020.  These Motions are too late for the Court's consideration.

Moreover, Plaintiff's arguments for extension of time for service are the same that the Magistrate Judge considered in January of 2020, when the request to reopen discovery was denied.  (ECF DKT #27).  Plaintiff repeats his unsupported assertions that Defendant Costco has acted in bad faith and has lied to the Court concerning identification of Defendant John Doe.

-4-

### III. CONCLUSION

The Court need not review *de novo* any finding or recommendation of the Magistrate's Report and Recommendation where specific objection has not been made. Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1)(c).  Plaintiff's requests for additional discovery and for more time to serve the unidentified Defendant are untimely and fail to demonstrate good cause.

For these reasons, the Court adopts the Magistrate Judge's Amended Report & Recommendation (ECF DKT #38) and orders Plaintiff Rimantas Saikus to identify and serve Defendant John Doe within 30 days of this Order or the claims against him will be dismissed without prejudice.

**IT IS SO ORDERED.**

**DATE: November 18, 2020**


**s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**