**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RIMANTAS SAIKUS,** | ) | **CASE NO. 1:19CV97** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | **OPINION AND ORDER** |
| | ) | |
| **COSTCO WHOLESALE CORP., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Magistrate Judge's Report &
Recommendation (ECF DKT #36), recommending granting the Motion (ECF DKT #29) of
Defendant Costco Wholesale Corporation for Summary Judgment and denying the Motion
(ECF DKT #30) of Plaintiff Rimantas Saikus Seeking Other Remedies.  For the following
reasons, the Court adopts the Report & Recommendation, grants judgment in favor of
Defendant on Counts I, III and IV of Plaintiff's Amended Complaint and denies Plaintiff's
request for other remedies.

**I. BACKGROUND**

Plaintiff originally filed this case in Cuyahoga County Common Pleas Court on

December 21, 2018, for injuries sustained when an unknown customer allegedly drove a Costco motorized cart into Plaintiff's leg.  According to the Amended Complaint, Plaintiff was at the photo counter inside the Mayfield Heights, Ohio Costco location on May 31, 2015. Defendant John Doe was driving  a motorized shopping cart provided by Costco when he struck Plaintiff, causing lacerations to Plaintiff's leg and other injuries.

Plaintiff filed the Amended Complaint on January 7, 2019, asserting claims against Defendant Costco for Premises Liability, Negligence, Negligent Entrustment and Punitive Damages.  (Counts I, III and IV).  Count II asserts a Negligence claim against the John Doe customer.

On January 14, 2019, the captioned case was removed to federal court based upon diversity jurisdiction.  Plaintiff is a resident of Ohio; and the only Defendant served in this matter is Defendant Costco, which has its principal place of business in the State of Washington.

Discovery closed on December 15, 2019, following a 90-day extension of the discovery deadline.

Plaintiff's attorney, Thomas Wilson, withdrew from the case on October 8, 2019. Since that time, Plaintiff has proceeded *pro se*.

Defendant Costco filed a Motion for Summary Judgment on January 24, 2020. Plaintiff filed a Motion Opposing Granting Defendant's Dispositive Motion and Requesting Granting Other Remedies for Plaintiff on February 21, 2020.  Defendant's Reply Brief was filed on March 6, 2020.

The Magistrate Judge issued a Report & Recommendation on Defendant's Motion for

Summary Judgment on April 6, 2020, and required Objections to be filed within 14 days after the objecting party has been served.  No timely Objections were filed nor was any request made for an extension of time to do so.  However, on May 7, 2020, well beyond the objection deadline, Plaintiff filed a document captioned:  "Motion to Suspend Decision on Defendant's Costco [sic] Motion for Summary Judgment."

## II. LAW AND ANALYSIS

### Standard of Review

Pursuant to Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1)(c), the District Court shall review *de novo* any finding or recommendation of the Magistrate's Report and Recommendation to which specific objection is made.  A party who fails to file an objection waives the right to appeal.  *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).  In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held:  "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

Local Rule 72.3(b) recites in pertinent part:

> The District Judge to whom the case was assigned shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

Put another way, 28 U.S.C. § 636(b) and Local Rule 72.3 authorize the district court judge to address objections by conducting a *de novo* review of relevant evidence in the record before the magistrate judge.  Parties are not permitted at the district court stage to raise new arguments or issues that were not presented to the magistrate.  *Murr v. United States*, 200

F.3d 895, 902 n.1 (6th Cir. 2000), citing *United States v. Waters*, 158 F.3d 933 (6th Cir. 1998).

**Motion for Summary Judgment**

Summary judgment shall be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed.R.Civ.P. 56(a). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed.R.Civ.P. 56(c)(1)(A), (B). A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.

This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass 'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir. 1992). The

burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass 'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

**<u>Diversity Jurisdiction and Applicable Law</u>**

Plaintiff contends that the Court does not need to follow Ohio law. (ECF DKT #30 at 6). However, Plaintiff is incorrect.

The jurisdiction of the Court over this matter is based on the diversity of the parties pursuant to 28 U.S.C. § 1332. A federal court sitting in diversity must apply the substantive law of the state in which it sits. *Phelps v. McClellan*, 30 F.3d 658, 661 (6th Cir.1994) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). It is a well-settled principle that in a diversity case a federal court must apply the state law as expressed by the highest court of the state. *Clutter v. Johns Manville Sales Corp*., 646 F.2d 1151, 1153 (6th Cir. 1981).

**<u>Negligence</u>**

In order to establish an actionable claim of negligence, a plaintiff must show the existence of a duty, a breach of that duty, and an injury that was proximately caused by the breach. *Strother v. Hutchinson*, 67 Ohio St.2d 282, 285 (1981). A plaintiff must produce

some evidence for each element essential to establish liability.  *Strother, id.*  The element of causation is ordinarily a question of fact for the jury; however, before the question may be submitted to the jury, a plaintiff must present some evidence of causation.  *Renfroe v. Ashley*, 167 Ohio St. 472 (1958).

**Premises Liability**

In Count I of his Amended Complaint, Plaintiff alleges premises liability against Defendant Costco based upon his status as a business invitee.  (ECF DKT #1-2, ¶¶ 13-15).  "A shopkeeper ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers."  *Armstrong v. Best Buy Co., Inc*., 99 Ohio St. 3d 79, 80 (2003).

Plaintiff alleges that Defendant Costco owed a "duty to exercise ordinary care to maintain its premises in a reasonably safe condition for the protection of business invitees such as Plaintiff Saikus."  (*Id*. at ¶ 15).  Plaintiff specifically alleges that "[a]s a direct and proximate result of Costco's negligent failure to provide proper and adequate instructions and/or training to Costco customers of the proper and safe use of the Costco motorized grocery cart, at the Mayfield Hts. Costco, Plaintiff Saikus was harmed."  (*Id*. at ¶ 27).

Plaintiff has failed to present any evidence that Costco's alleged lack of instruction and training was the cause of the accident in which he was injured.  In *Rieger v. Giant Eagle, Inc*., 157 Ohio St. 3d 512 (2019), a Giant Eagle shopper operating a motorized cart ran into and injured another shopper.  The Ohio Supreme Court concluded that the plaintiff presented no evidence of the causation element of a negligence cause of action and therefore, could not prevail.  The *Rieger* court instructed as follows at 516:

Causation is established using the "but for" test. *Anderson v. St. Francis-St. George Hosp., Inc.*, 77 Ohio St.3d 82, 84-85, 671 N.E.2d 225 (1996). A defendant's conduct is the cause of the harm if the harm would not have occurred but for the defendant's act or failure to act. *Id.*; *see also Renfroe* at 475, 150 N.E.2d 50; *Strother*, 67 Ohio St.2d at 287, 423 N.E.2d 467. It is not enough for the plaintiff to assert or speculate that the defendant's actions or failure to act might have caused the injury. *Gedra v. Dallmer Co.*, 153 Ohio St. 258, 91 N.E.2d 256 (1950), paragraph two of the syllabus; *accord Krupar v. Procter & Gamble Co.*, 160 Ohio St. 489, 117 N.E.2d 7 (1954), paragraph two of the syllabus. There must be evidence of causation before the plaintiff's negligence claim may be submitted to the jury. *Johnson v. Wal-Mart Stores E., L.P.*, 2014-Ohio-2998, 12 N.E.3d 1262, ¶ 24 (2d Dist.).

Like the plaintiff in *Rieger*, Plaintiff Saikus only speculates that *but for* Costco's failure to instruct or train on cart operation, his injuries would not have occurred. Plaintiff does not know who the driver of the motorized cart was, nor does he know whether John Doe driver was skilled in operating motorized shopping carts.

The Ohio Supreme Court further emphasized that without "evidence of causation, [it is] not necessary to decide whether [Plaintiff] presented sufficient evidence establishing the existence of a duty, the breach of that duty, or damages." *Rieger*, 157 Ohio St.3d at 517.

Plaintiff Saikus can no longer rely on his pleadings alone; and the lack of any evidence of causation, beyond pure speculation, cannot create a genuine issue of material fact sufficient to defeat summary judgment on his Premises Liability claim in Count I of the Amended Complaint.

**Negligent Entrustment**

In Count III of the Amended Complaint, Plaintiff alleges that "[a]s a direct and proximate result of the negligent entrustment of the operation of a motorized grocery cart by Costco, Plaintiff Saikus was struck and sustained injuries." (ECF DKT #1-2, ¶ 35). "Costco knew, either through actual knowledge or through knowledge implied from known facts and

-7-

circumstances, that by permitting and/or entrusting the operation of a motorized grocery cart to an inexperienced or incompetent operator, such as John Doe, that injury to innocent third parties would be [sic] foreseeable result of such negligent entrustment."  (*Id*. at ¶ 34).

In Ohio, "[i]t is a well settled rule of law that the owner of a motor vehicle may be held liable for an injury to a third person resulting from the operation of the vehicle by an inexperienced or incompetent driver, upon the ground of negligence, if the owner knowingly, either through actual knowledge or through knowledge implied from known facts and circumstances, entrusts its operation to such a driver.  *Gulla v. Straus*, 154 Ohio St. 193,198 (1950).

Negligent entrustment liability  "is generally confined to cases where [the owner] entrusts his motor vehicle to one whose appearance or conduct is such as to indicate his incompetency or inability to operate the vehicle with due care."  *Grieser v. Montgomery*, No. 3:11CV587, 2012 WL 1906379, at *5 (N.D.Ohio, May 25, 2012), quoting *Gulla*, 154 Ohio St. at 199.

Once again, the Court notes that Plaintiff has not identified John Doe Defendant who is alleged to have been operating the motorized cart that struck him in the Mayfield Heights Costco store.  Plaintiff muses that "an individual requiring a Handicap Equipped Powered Shopping Cart had substantial and compromised health issues."  (ECF DKT #44 at 4).  Since the identity of John Doe Defendant is unknown, Plaintiff can provide no evidence of John Doe's skill, or lack thereof, in operating motorized carts.  Plaintiff cannot establish any impairments John Doe has, nor support his speculation that John Doe has "substantial and compromised health issues."  Thus, Plaintiff cannot offer any evidence to establish

Defendant's actual or implied knowledge, so as to show Defendant's negligent entrustment of its motorized cart to John Doe proximately caused Plaintiff's damages.

Although there has been no timely objection lodged by Plaintiff, upon *de novo* review, the Court agrees with the Magistrate Judge's recommendation that Plaintiff cannot prevail on Count III of his Amended Complaint for Negligent Entrustment.

## Punitive Damages

"[P]unitive damages are awarded as a mere  incident of the cause of action in which they are sought. * * * Thus, compensable harm stemming from a cognizable cause of action must be shown to exist before punitive damages can be considered."  *See Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d 638, 650 (1994).  "A plaintiff must be awarded some measure of compensatory damages to receive punitive damages."  *Niskanen v. Giant Eagle, Inc*., 122 Ohio St.3d 486, 489-90 (2009).

Since the Court finds that Defendant Costco is entitled to summary judgment in its favor on Counts I and III of the Amended Complaint, punitive damages cannot be awarded to Plaintiff on Count IV.

## Defective Design

"It is well established that a party forfeits any issue he did not actually present to a magistrate judge in the first instance and then raises the issue for the first time in objections to the magistrate judge's report and recommendation."  *AES-Apex Employer Servs., Inc. v. Rotondo*, 924 F.3d 857, 867 (6th Cir. 2019) (citation omitted); *Murr*, 200 F.3d at 902 n.1.

In the Motion to Suspend Decision (ECF DKT #40) filed a month after the Magistrate Judge's Report & Recommendation, Plaintiff argues, for the first time, a claim against

Defendant for Defective Design.  Plaintiff asserts that "Defendant Costco was negligent in that it provided a dangerous poorly designed Handicap Equipped Powered Shopping Cart that was a danger to its employees and in turn its customers, its lower bumper actually augmented the extent of the injury."  (*Id.* at 2).

Plaintiff also directs the Court's attention to ¶ 19 of Count I of the Amended Complaint, which states in its entirety:  "Upon information and belief and at all times relevant hereto, Costco negligently provided unsafe and inadequate motorized grocery carts to its customers."  This allegation in the Amended Complaint is "bare-bones" and provides no facts to support a plausible claim for design defect against Defendant.  Moreover, Plaintiff can no longer rest on his pleadings.

When faced with Defendant's Motion for Summary Judgment, Plaintiff failed to argue this claim in his Opposition Brief (ECF DKT #30).  "[A] plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment."  *Brown v. VHS of Michigan, Inc*., 545 F. App'x 368, 372 (6th Cir. 2013) (*citing Hicks v. Concorde Career Coll.*, 449 F. App'x 484, 487 (6th Cir. 2011), *Clark v. City of Dublin*, 178 F. App'x 522, 524-25 (6th Cir. 2006), and *Conner v. Hardee's Food Sys*., 65 F. App'x 19, 24-25 (6th Cir. 2003)).

On May 29, 2020, Plaintiff filed a Motion (ECF DKT #44) to Deny Defendant Costco's Motion for Summary Judgment.  At this late juncture, Plaintiff offers his affidavit and photographs purporting to demonstrate the hazardous design of Costco's motorized carts as opposed to those offered by other retailers.  Plaintiff is not an expert and his opinion on motorized cart design cannot be given any weight.

-10-

Even if the Court were to treat Plaintiff's Defective Design claim as not abandoned, the claim still fails.  It is mere speculation that the unsafe design of the motorized grocery cart caused Plaintiff's injury.  Plaintiff's claim is defeated for failure to provide evidence to establish causation, a necessary element upon which he has the burden of proof.  *Rieger*, *supra*.

### III. CONCLUSION

"Although [Saikus] is [now] a pro se litigant, and we have a corresponding duty to accord him 'the benefit of a liberal construction of [his] pleadings and filings, *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), 'pro se plaintiffs are not automatically entitled to take every case to trial ... [and] the lenient treatment generally accorded to pro se litigants has limits.' *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)." *Farah v. Wellington*, 295 F. App'x. 743, 748 (6th Cir. 2008) (alterations added).

For all the foregoing reasons, the Court adopts the Magistrate Judge's Report & Recommendation (ECF DKT #36), recommending granting the Motion (ECF DKT #29) of Defendant Costco Wholesale Corporation for Summary Judgment and denying the Motion (ECF DKT #30) of Plaintiff Rimantas Saikus Seeking Other Remedies.  Therefore, the Court grants judgment in favor of Defendant on Counts I, III and IV of Plaintiff's Amended Complaint and denies Plaintiff's request for other remedies.

**IT IS SO ORDERED.**

**DATE: November 18, 2020**

 **s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

-11-